UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DEBBIE HUMPHRIES,

    Movant,

v.                               CRIMINAL NO. 2:01-00066-01
                                (Civil Action No. 2:04-0234)

UNITED STATES OF AMERICA,

    Respondent.

FILED MAR 1 9 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

## PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, the District Court referred Movant's Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c), to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

Movant's (hereinafter referred to as "Defendant") Motion was filed on March 15, 2004 (docket sheet document # 87). It is supported by a Memorandum (# 88). She is serving a 72 month sentence upon her conviction by a jury of possession of stolen firearms (Count Three), and possession of firearms by a convicted felon (Counts Four and Five), in violation of 18 U.S.C. §§ 922(j), 922(g)(1), and 924(a)(2), to be followed by a three year term of supervised release. (Judgment in a Criminal Case, # 51, entered October 11, 2004.) The District Court also imposed a special assessment of $300.00, a fine of $1,000, and restitution of

1

$180.00. Defendant's direct appeal was unsuccessful. <u>United States v. Humphries</u>, No. 01-4822, 32 Fed. Appx. 90, 2002 WL 521982 (4th Cir. Apr. 8, 2002), <u>cert. denied</u>, 535 U.S. 1106 (2002).

Defendant's Motion and Memorandum rely on Amendment 657, adopted by the U.S. Sentencing Commission effective November 1, 2003, which changes the method of weighing oxycodone for the purpose of determining offense level. Defendant asks that Amendment 657, which is retroactive, USSG § 1B1.10(c), be applied to reduce her sentence. (Motion, at 1.)

Title 18, United States Code, Section 3582(c) provides:

> **(c) Modification of an imposed term of imprisonment.**
> The court may not modify a term of imprisonment once it has been imposed except that -
>
> * * *
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 657, effective November 1, 2003, amends Note B to USSG § 2D1.1(c) by adding a new paragraph, which reads: "The term Oxycodone (actual) refers to the weight of the controlled substance, itself, contained in the pill, capsule, or mixture."

2

The Amendment also amended the Commentary to § 2D1.1, "Application Notes," in Notes 9 and 10. The reason for the Amendment is to address (a) formulations of different medicines and (b) different amounts of oxycodone found in pills of identical weight. The Drug Equivalency Tables are changed to establish offense levels by using the weight of the actual oxycodone instead of calculating the weight of the entire pill. Penalties for offenses involving 10 mg OxyContin pills are identical to offense levels that existed prior to the Amendment. Offense levels for all other doses of OxyContin are substantially increased; offense levels for Percocet are decreased somewhat. United States Sentencing Commission, Guidelines Manual, Appendix C, Vol. II, Amendment 657, at 396-97 (Nov. 1, 2003). One gram of oxycodone is now equivalent to 6700 grams of marihuana. (Id., at 396.) The court notes that offense levels for distribution of Tylox and Percodan are also decreased somewhat.

Defendant's sentence cannot be reduced based on Amendment 657. Amendment 657 applies only to defendants who were convicted of controlled substance offenses directly involving oxycodone.

Accordingly, the undersigned proposes that the presiding District Judge find that it lacks authority to grant Defendant's motion because Amendment 657 does not apply to defendants who were convicted of offenses which do not directly involve oxycodone, and because the Court "may not modify a term of imprisonment once it

has been imposed."

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny Defendant's Motion pursuant to 18 U.S.C. § 3582.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

4

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant/Movant, Debbie Humphries, and to counsel of record.

_March 19, 2004_
Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge